UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUDY MENDOZA,<br><br>                       Plaintiff,<br><br>       -against-<br><br>ROBERT MLADINICH,<br><br>                       Defendant. | 1:20-CV-10010 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

Plaintiff, who appears *pro se* and is presently incarcerated in the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"),[1] brings this action against Robert Mladinich, a private investigator who is located in New York, New York. Plaintiff seeks $100,000 in damages. By order dated March 5, 2021, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[2] For the reasons set forth below, the Court dismisses this action, but grants Plaintiff leave to file an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*,

---

[1] Plaintiff filed this action while he was incarcerated in the Federal Metropolitan Detention Center in Brooklyn, New York ("MDC Brooklyn").

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges the following in his complaint: In or about September 2019, while Plaintiff was incarcerated in USP Lewisburg, in solitary confinement, he hired Mladinich. Plaintiff initially paid Mladinich $500, and asked him to procure transcripts from his criminal action in the United States District Court for the Middle District of Pennsylvania. He also asked Mladinich to get information from two experts. Plaintiff intended to file a posttrial motion in his criminal action, and he required the information from the transcripts and the experts to support that motion. Mladinich initially agreed only to get information from the two experts, and told Plaintiff that he would have to get the transcripts himself. Plaintiff then told Mladinich that it was difficult for him to procure the transcripts from solitary confinement and that he intended to use the transcripts not only to support his posttrial motion, but also to support a civil action he intended to bring against one of his former attorneys. Mladinich agreed to get the transcripts. Plaintiff "asked for [Mladinich's] fee and did not get an accurate response from him." (ECF 2, at 3.)

Thereafter, Mladinich did not respond to any of Plaintiff's phone calls or letters. Months after Plaintiff had filed posttrial motions in his criminal action, and after he had been sentenced in December 2019, Plaintiff's brother told him that Mladinich "had reached out to him and asked for $200 to pay for the court transcripts." (*Id.* at 3.) Plaintiff's brother told Mladinich that he would pay him if he got approval from Plaintiff.

On March 10, 2020, Plaintiff was transferred to MDC Brooklyn. From MDC Brooklyn, Plaintiff sent a letter to Mladinich stating his intent to sue Mladinich due to his failure to "meet

his obligation[s] [or] make an attempt to make further contact with [Plaintiff] after receiving the $500. . . ." (*Id.*) In response, Mladinich sent to Plaintiff, via Plaintiff's attorney, one of the two court transcripts Plaintiff had requested. Mladinich also sent a letter to Plaintiff, dated June 12, 2020, "stating that 'the plan was to forward these documents to [Plaintiff's] sister, but she stopped communicating with [Mladinich] for unknown reasons.'" (*Id.* at 3-4.)

Mladinich's "fraudulent schemes" caused Plaintiff to (1) be unprepared with respect to his posttrial motions, (2) be unable "to use [the transcripts he requested] at his sentencing [proceeding to seek] the lowest possible sentence," (3) delay his appeal of his conviction, and (4) delay his civil actions that he wished to pursue against his former attorney and against prosecutors. (*Id.* at 4.)

## DISCUSSION

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court's jurisdiction is available only when a "federal question" is presented or, when a plaintiff asserts claims under state law under the Court's diversity jurisdiction, when the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

"'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

3

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

Plaintiff alleges that Mladinich breached their agreement in which, in exchange for payment, Mladinich agreed to obtain transcripts from Plaintiff's criminal action and information from experts. The Court therefore construes the complaint as invoking the Court's diversity jurisdiction and asserting a claim of breach of contract under state law.

### A.    Diversity jurisdiction

To establish the Court's diversity jurisdiction, a plaintiff must first show that he and the defendant are citizens of different states. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* And for diversity purposes, "[w]hen a prisoner is incarcerated in a state different from his previous domicile, there is a rebuttable presumption that the prisoner retains his pre-incarceration domicile rather than acquiring a new domicile." *Liverpool v. City of New York*, No. 20-CV-4629, 2020 WL 3972737, at *3 (S.D.N.Y. July 13, 2020).

There is a second component to diversity jurisdiction − the amount in controversy must be in excess of the sum or value of $75,000. *See* § 1332(a). The sum claimed by a plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a complaint for failing to plead that the amount in

4

controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses.").

B. **Plaintiff has failed to allege facts suggesting diversity jurisdiction**

Plaintiff seems to allege that Mladinich is a citizen of New York. But he does not state his own state citizenship. He merely alleges that at the time of the alleged events giving rise to his claims, he was incarcerated in USP Lewisburg, was then transferred to MDC Brooklyn, and that he filed his complaint while incarcerated in MDC Brooklyn. He also fails to allege facts sufficient to suggest that his claims satisfy the jurisdictional amount – an amount in excess of the sum or value of $75,000. Plaintiff paid Mladinich an initial $500 for his services, and Mladinich later sought an additional $200. Plaintiff seeks $100,000 in damages, alleging that the amount "should not only cover the damages inflicted but should also deter [Mladinich] from committing future shady dealings." (ECF 2, at 5.) But he does not provide any facts to support that he is entitled to that amount of damages. Accordingly, the Court dismisses this action for lack of subject-matter jurisdiction. *See* Fed. Riv. P. 12(h)(3).

But because Plaintiff is proceeding *pro se*, the Court grants him leave to file an amended complaint in which he clearly shows that the Court may exercise its diversity jurisdiction to consider his claim under state law.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

5

The Court dismisses this action for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court grants Plaintiff 30 days' leave to file an amended complaint in which he alleges facts that clearly show that the Court may exercise its diversity jurisdiction to consider his claim. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing this action for lack of subject-matter jurisdiction. *See id.*

SO ORDERED.

Dated:  March 10, 2021
        New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.