UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUDY MENDOZA,

        Plaintiff,

-against-

ROBERT MLADINICH,

        Defendant.

1:20-CV-10010 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

By order dated March 10, 2021, the Court dismissed this *pro se* action for lack of subject-matter jurisdiction but granted Plaintiff 30 days' leave to file an amended complaint showing that the Court has diversity jurisdiction. On April 7, 2021, the Court received Plaintiff's amended complaint. (ECF 8.) Because the amended complaint does not show that the Court has diversity jurisdiction, the Court dismisses this action.

## BACKGROUND

Plaintiff is a federal prisoner who is currently incarcerated in the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"). In his amended complaint, he alleges the following: In or about September 2019, Plaintiff asked his attorney if he could find a private investigator. The attorney referred him to Defendant Robert Mladinich. Plaintiff wrote to Mladinich asking for his services; in his letter Plaintiff informed Mladinich that he was sending him a $500 check from his prison trust fund account "as a small retainer to begin their business relationship." (ECF 8, at 2.) Plaintiff also telephoned Mladinich from prison. During that call, Mladinich acknowledged receipt of the check. Plaintiff asked him to perform a number of tasks, including collecting "any public information pertaining" to an incident that occurred on July 30, 2019, while Plaintiff was incarcerated in another correctional facility and for which Plaintiff was

being investigated by the Federal Bureau of Investigation. (*Id.*) Plaintiff also wanted contact information about two individuals that he wanted to possibly "use as intermediaries between himself, his attorney, and the prosecutor's office, who wanted to speak with [him] regarding the incident, and [who he possibly wanted to] call . . . as expert witnesses if criminal charges arose out of the investigation." (*Id.* at 2-3.) In addition, Plaintiff requested copies of transcripts from Plaintiff's criminal action in the United States District Court for the Middle District of Pennsylvania; at that time, Plaintiff had been convicted in that action but was awaiting sentencing.

Mladinich assured Plaintiff that he would send Plaintiff any public information that he could find about the July 30. 2019 incident as well as the contact information for the two individuals, but he encouraged Plaintiff to obtain copies of the transcripts himself because they were easy to obtain. Plaintiff explained that obtaining copies of the transcripts was the most important task because he was appearing *pro se* in his criminal action, and because the deadline for him to file postconviction motions to dismiss the indictment or for a new trial was looming. Mladinich agreed to accept future telephone calls from Plaintiff from prison and suggested that they communicate through Plaintiff's attorney. But Mladinich declined to answer Plaintiff's question about Mladinich's "going rate." (*Id.* at 3.)

Mladinich never accepted another telephone call from Plaintiff from prison, and did not respond to any of the subsequent letters Plaintiff sent to him via Plaintiff's attorney. Months after Plaintiff's postconviction motions were due, and after Plaintiff had been sentenced, Plaintiff spoke to his brother, who told Plaintiff that Mladinich had telephoned him and "attempted to swindle him out of additional money to pay for the court transcripts." (*Id.*) Plaintiff's brother told

Mladinich that he would pay him only with Plaintiff's approval. Mladinich never again spoke to Plaintiff's brother.

On March 10, 2021, Plaintiff was transferred from USP Lewisburg to the federal Metropolitan Detention Center, in Brooklyn, New York ("MDC Brooklyn"). From MDC Brooklyn, Plaintiff sent a letter to Mladinich in which he informed Mladinich that he was going to sue him. Only after Plaintiff sent that letter did Mladinich send to Plaintiff, via Plaintiff's attorney, copies of the transcripts Plaintiff was seeking. A letter from Mladinich, dated June 12, 2020, accompanied the transcripts. In that letter, Mladinich stated that "'the plan was to forward these documents to [Plaintiff's] sister, but she stopped communicating with [Mladinich] for unknown reasons.'" (*Id.* at 4.)

Because of the July 30, 2019 incident, the Government has threatened Plaintiff with a new indictment unless he cooperates with the Government's investigation of the incident. To avoid "the hazardous environment that cooperating with the Government creates for anyone in prison," Plaintiff sought out Mladinich's assistance to find intermediaries, expert witnesses, and public information about the July 30, 2019 incident. (*Id.* at 6.) He also asked Mladinich to provide him with court transcripts to support his postconviction motions in an effort to show that in his criminal action in the Middle District of Pennsylvania, the Government had destroyed exculpatory evidence and otherwise denied him a fair trial. But as a result of Mladinich's failure to timely perform the tasks that Plaintiff requested, "Plaintiff could not file the post trial motions with the contents of the court transcripts[;] at his sentencing[,] he relied only on what he could remember. And his appeal has been delayed for months while awaiting . . . the court records." (*Id.* at 6-7.) In addition, Plaintiff "has been unable to address the [July 30, 2019] incident"; on February 26, 2021, he received a letter from the United States Attorney for the Middle District of

3

Pennsylvania informing him "that he is the target of a federal criminal investigation and once again was threatened with an indictment." (*Id.* at 7.) "Plaintiff is certain that at least one of the two experts he requested could've clarified enough about the incident[] without incriminating [him] or endangering [him]." (*Id.*) He is also "certain that had he obtained the court transcripts . . . in time, the outcome of the [his criminal] case and/or his sentencing may have been entirely different." (*Id.*)

Plaintiff states that "in good faith, [he] hired . . . Mladinich to assist him . . . and completely relied on him enough to pay a retainer up front. . . . [But Mladinich] deliberately failed to meet his obligations." (*Id.* at 8.) Plaintiff also states he will have to waste time and money "to hire lawyers to address the damage caused by [Mladinich], especially if and when Plaintiff is indicted on new charges due to the [July 30, 2019] incident." (*Id.*) In addition, he states that he has suffered "mental anguish, anxiety, depression and other mental ailments . . . during [this] entire ordeal." (*Id.*) Because of all of this, "he contends that $250,000 in damages and reparations would be the least amount appropriate." (*Id.*)

## DISCUSSION

"A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998); *see* 28 U.S.C. § 1332(a)(1). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* And "[w]hen a prisoner is incarcerated in a state different from his previous domicile, there is a rebuttable presumption that the prisoner

retains his pre-incarceration domicile rather than acquiring a new domicile." *Liverpool v. City of New York*, No. 20-CV-4629, 2020 WL 3972737, at *3 (S.D.N.Y. July 13, 2020).

In his amended complaint, Plaintiff, who is currently incarcerated, appears to allege that he is a citizen of Chicago, Illinois. He also alleges that he was born and raised in New York City, but that he had relocated to Chicago before he was arrested in New York and then paroled to a New York City shelter while awaiting a parole transfer to Chicago; he further alleges that he intends to return to Chicago upon his release. (ECF 8, at 8-9.) In addition, he alleges that he "has no knowledge in what city or state the defendant resides in, only that his office is in the City of New York." (*Id.* at 8.) Because Plaintiff has failed to allege any facts about where the defendant resides, he has failed to show that the parties are diverse, that is, that he and the defendant are not citizens of the same State. *See* 28 U.S.C § 1332(a).

Moreover, Plaintiff's amended complaint asserts a claim of breach of contract in which he seeks mostly punitive and emotional damages, which is not permitted. *See Barnes v. Gorman*, 536 U.S. 181, 187-88 (2002) ("[P]unitive damages, unlike compensatory damages and injunction, are generally not available for [claims of] breach of contract." (citing E. Farnsworth, Contracts § 12.8, pp. 192-201 (2d ed.1998); Restatement (Second) of Contracts § 355; and 1 T. Sedgwick, Measure of Damages § 370 (8th ed. 1891))); *United States Naval Inst. v. Charter Commc'ns, Inc.*, 936 F.2d 692, 696-97 (2d Cir. 1991) ("[P]unitive awards are not part of the law of contract damages." (citing Restatement (Second) of Contracts § 356 comment *a*, § 355))); *Gorbaty v. Wells Fargo Bank, N.A.*, No. 10-CV-3291, 2014 WL 4742509, at *23 n.40 (E.D.N.Y. Sept. 23, 2014) ("[E]motional damages are only available in cases involving bodily injury or where the 'contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result.'" (quoting Restatement (Second) of Contracts § 353 comment (1981))).

Because Plaintiff has not established that the Court has diversity jurisdiction, the Court dismisses this action for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

SO ORDERED.

Dated:   May 20, 2021
            New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.